Argued June 9, reversed and remanded September 8, 1965

In the Matter of Williams, a Child
## STATE OF OREGON *v.* WILLIAMS
405 P. 2d 371

*William B. Wyllie,* Salem, argued the cause for appellant. On the briefs were Gary D. Gortmaker and Rhoten & Speerstra, Salem.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General and C. L. Marsters, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

GOODWIN, J.

This is an appeal from an order of the circuit court declaring a child a ward of the court and suspending for a period of six months his license to drive automobiles.

The child had been involved in a collision between an automobile which he was driving and one being driven by Roy Fitzjerill, who was killed in the collision. Except for the child, there was no surviving witness to the accident. The child claims to have no memory of the events immediately preceding the accident. From the physical facts at the scene of the accident there was no way to determine whose negligence, if anyone's, caused the collision.

In due course, Marion County juvenile authorities filed a petition alleging that the child was within the jurisdiction of the juvenile court by reason of his having operated his automobile in violation of ORS 483.992 (reckless driving), "to-wit: carelessly and heedlessly, with wilful and wanton disregard for the rights and safety of others * * *."

If the allegations in the petition were true, the child would have been guilty of conduct which, if committed by an adult, would have constituted negligent homicide, and he would, therefore, have been subject to being made a ward of the juvenile court. ORS 419.476.

The trial court found that there was no evidence to support the allegations of the petition, and specifically found that the child was not guilty of reckless driving. The court was, however, of the opinion that the child was guilty of negligence, and decided that he ought to forgo the use of an automobile for six months. As will appear, it is not necessary in this case to decide whether the evidence supported the finding of negligence.

The only issue before us is whether the court properly exercised its powers when it placed the child under wardship. Juvenile courts possess virtually plenary power to suspend the driving privileges of children found guilty of violating the motor-vehicle code, whether or not such children are wards of the court. ORS 419.541. Juvenile courts have no authority, however, to deal with the driving privileges of nonviolators of the traffic laws unless there exist grounds for making a particular child a ward. We assume, without deciding, that the control of a ward's driving is a proper function of the court.

The court may declare a child a ward at any

time it has jurisdiction of the person under a properly filed petition and finds facts to warrant such a disposition. It cannot, however, declare a child a ward of the court in the absence of facts that would justify wardship under one or more of the provisions of ORS 419.476.

The trial court deemed the child to be one covered by the provisions of ORS 419.476:

"* * * * *

"(c) Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others * * *."

The Court had excluded the possibility of declaring the child a ward under ORS 419.476 (a) (commission of acts which would be criminal if committed by an adult) when it specifically found no evidence of negligent homicide.

■ While the provisions of ORS ch 419 are to be liberally construed to carry out a legislative purpose to give maximum scope to the expertness of juvenile courts in working with disturbed, delinquent, and dependent children, we are unable to find any implied authority to make a child a ward of the court upon a finding of a single act of negligent driving which violated no law.

■ To uphold a declaration of wardship on the facts of this case would be tantamount to saying that any juvenile court may declare any child a ward any time the court is of the opinion that substantial justice would be served in doing so. We do not believe that the legislature intended thus to retreat from the concept of the rule of law.

■ The trial judge in the case at bar may have had some subjective reason to believe that a six-month

period in which to reflect upon the accident might be a profitable experience for the child before him. But the record reveals no objective reasons for such a conclusion. The record is silent concerning previous driving violations, juvenile court appearances, or conditions of neglect or disadvantage in the home. Upon the record, therefore, there was nothing to support wardship, no matter how much the idea might have commended itself to the wisdom and experience of the judge who handled the case. Accordingly, the order declaring the child a ward of the court, and all orders entered pursuant thereto, must be vacated.

Reversed and remanded.